FILED
2022 Oct-14  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

DOCUMENT 1

**ELECTRONICALLY FILED**
9/27/2022 3:39 PM
75-CV-2022-900179.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>75<br><br>Date of Filing:   Judge Code:<br>09/27/2022 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### MELVIN E. GUILFORD v. WALGREEN CO.

**First Plaintiff:** ☐ Business   ☑ Individual   **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other   ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
BAR166   9/27/2022 3:39:36 PM   /s/ DAVID KEVIN BARNES
Date   Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

DOCUMENT 2



ELECTRONICALLY FILED
9/27/2022 3:39 PM
75-CV-2022-900179.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

IN THE CIRCUIT COURT OF SAINT CLAIR COUNTY, ALABAMA
PELL CITY DIVISION

MELVIN E. GUILFORD; an individual, )
                                    )
    Plaintiff,                 )
                                    )
v.                               )   Civil Action No.: CV-2022-_____
                                    )
WALGREEN CO., a foreign         )
corporation;                   )
                                    )

FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Melvin E. Guilford and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Melvin E. Guilford, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of

DOCUMENT 2

this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Melvin E. Guilford, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

Defendants.

## COMPLAINT

1. Plaintiff, Melvin E. Guilford, is an individual resident citizen of St. Clair County, Alabama, and is over the age of nineteen (19) years of age.

2. Defendant, WALGREEN CO., is a foreign corporation doing business in the city of Pell City, Saint Clair County, State of Alabama.

3. At the time and place made the basis of this lawsuit, and for some time prior thereto, the other fictitious party defendants are described as follows: No. 1, whether singular or plural, that entity or those entities who or which had the duty to maintain the cleanliness and safe condition of the premises in question in this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which had a duty to warn and failed to warn had a duty to issue and failed to issue or issued inadequate warnings or instructions, regarding conditions that were hazardous to Melvin E. Guilford and other invitees at the premises in question in this lawsuit; No. 3, whether singular or plural, that entity or those entities who or which had a duty to inspect the location in question and at issue in this lawsuit for hazards, hidden defects or dangerous conditions on or about the materials used for travel by the persons at the premises in question and at issue in this lawsuit; No. 4, whether singular or plural, that entity or those entities who or which placed, allowed or caused the dangerous condition to be present at the location in question and at issue

DOCUMENT 2

in this lawsuit and was hazardous and caused injury and damages to the above-named Plaintiff; No. 5, whether singular or plural, that entity or those entities which provided general liability or premises liability or medical payment coverage to the person in question and at issue in this lawsuit; No. 6, whether singular or plural that entity or those entities who or which conducted safety inspections or analyses or provided consulting services pertaining to the materials at the premises in question and at issue in this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had a duty to insure or ensure the safety and security of Plaintiff, Melvin E. Guilford, while at the premises involved in the occurrence made the basis of this suit; No. 8, whether singular or plural, that entity or those entities who or which were involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, whether singular or plural, that entity or those entities who or which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff and which is at issue and the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, whether singular or plural, that entity or those entities other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, whether singular or plural, that entity or those entities which reinsured or provided excess coverage; No. 13, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the location in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, Melvin E. Guilford, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained.

DOCUMENT 2

4.    On or about the 2nd day of October 2020, Plaintiff was an invitee of the Defendant at their Saint Clair County location, situated at 1649 Martin Street North, Pell City, Alabama 35125. At the same time, Plaintiff, Melvin E. Guilford, suffered a fall resulting from a foreign object protruding from a lower shelf of the Defendant's premises.

5.    Defendant and/or one or more of the other fictitious party defendants listed and described hereinabove, negligently, recklessly, and/or wantonly caused or allowed Plaintiff, Melvin E. Guilford, to fall and suffer injuries and damages to his person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have been aware through their inspection of the premises for said hazardous conditions.  Defendant, and one or more of the other fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous and/or dangerous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard of allowing the dangerous condition to be left and/or to remain on the premises in the path of invitees of the Defendant, and were negligent and/or wanton in creating a hazard in the walkway on the premises in the path of invitee of the Plaintiff, Melvin E. Guilford.

6.    As a proximate and direct result of Defendant's wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

    (a.)    Plaintiff suffered severe injuries to his person;
    (b.)    Plaintiff was caused to undergo medical treatment;
    (c.)    Plaintiff will be caused to undergo medical treatment in the future;
    (d.)    Plaintiff has incurred medical expenses;
    (e.)    Plaintiff will incur future medical expenses;
    (f.)    Plaintiff has been caused pain and suffering;
    (g.)    Plaintiff will be caused to endure pain and suffering in the future;
    (h.)    Plaintiff has been caused mental anguish;
    (i.)    Plaintiff will be caused mental anguish in the future;
    (j.)    Plaintiff has been caused to suffer permanent injury;
    (k.)    Plaintiff has been caused to suffer aggravation and/or exacerbation of pre-existing condition(s); and
    (l.)    All other damages to which Plaintiff may be entitled.

## COUNT I - NEGLIGENCE

7.    The Plaintiff hereby re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

8.    On or about the 2nd day of October 2020, Plaintiff was an invitee of the Defendant at their Saint Clair County location, situated at 1649 Martin Street North, Pell City, Alabama 35125. At the same time, Plaintiff, Melvin E. Guilford, suffered a fall resulting from a foreign object protruding from a lower shelf of the Defendant's premises.

- 4 -

DOCUMENT 2

9.    Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently caused, or allowed, the foreign object which caused the Plaintiff to fall to exist upon the walkway on their premises.

10.   Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, failed to keep and maintain its premises to be free and clear of potentially hazardous conditions, namely the foreign object that caused the Plaintiff to fall.

11.   Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition.

12.   Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, were negligent in affirmatively creating the hazard that caused the Plaintiff to fall.

13.   Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, were negligent in failing to warn their patrons of the hazardous condition that caused the Plaintiff to fall.

14.   As a proximate and direct result of Defendant WALGREEN CO.', and/or fictitious defendants', wrongful conduct as specifically set forth herein, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

        WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

15.   The Plaintiff hereby re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

16.   On or about the 2nd day of October 2020, Plaintiff was an invitee of the Defendant at their Saint Clair County location, situated at 1649 Martin Street North, Pell City, Alabama 35125. At the same time, Plaintiff, Melvin E. Guilford, suffered a fall resulting from a foreign object protruding from a lower shelf of the Defendant's premises.

17.   Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, recklessly and/or wantonly caused, or allowed, the foreign object which caused the Plaintiff to fall to exist upon the walkway on their premises.

DOCUMENT 2

18. Defendant, and/or one or more of the fictitious party defendants listed and described hereinabove, were wanton in affirmatively creating a hazard, or in allowing an unreasonably hazardous condition to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

19. As a proximate and direct result of Defendant WALGREEN CO.', and/or fictitious defendants', wrongful conduct as specifically set forth herein, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

20. The Plaintiff hereby re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

21. On or about the 2nd day of October 2020, Plaintiff was an invitee of the Defendant at their Saint Clair County location, situated at 1649 Martin Street North, Pell City, Alabama 35125. At the same time, Plaintiff, Melvin E. Guilford, suffered a fall resulting from a foreign object protruding from a lower shelf of the Defendant's premises.

22. On or about the 2nd day of October 2020, Defendant's, and/or fictitious defendants', premises were not in a reasonably safe condition because of the foreign object which caused the Plaintiff to fall.

23. On or about the 2nd day of October 2020, Defendant, and/or fictitious defendants, knew, or should have known, about the condition that caused the Plaintiff to fall, or was/were at fault in not discovering the condition that caused the Plaintiff to fall.

24. On or about the 2nd day of October 2020, Plaintiff, Melvin E. Guilford, was harmed.

25. Defendant's, and/or fictitious defendants', negligent and/or wanton failure to keep the walkway of the store in a reasonably safe condition caused Melvin E. Guilford's harm.

26. As a proximate and direct result of Defendant WALGREEN CO.', and/or fictitious defendants', wrongful conduct as specifically set forth herein, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special

DOCUMENT 2

and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV - RESPONDEAT SUPERIOR AND AGENCY

27.     The Plaintiff hereby re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

28.     Plaintiff avers and alleges that Fictitious Defendant was the agent and employee of Defendant, WALGREEN CO., and/or the agent and employee of fictitious defendant, and consequently, Defendants, and/or other fictitious defendants, are liable for any negligent and/or wanton acts committed by Fictitious Defendant while he or she was acting within the line and scope of their employment.

29.     Plaintiff avers and alleges that Defendant WALGREEN CO., and/or Fictitious Defendant was the franchisee of WALGREEN CO., and as such, Defendant WALGREEN CO., and/or other fictitious defendants, is liable for any negligent and/or wanton acts committed by Fictitious Defendant while he/she/it was acting within the line and scope of said franchise relationship.

30.     Defendants, and/or Fictitious Defendant negligently and/or wantonly caused or allowed the Plaintiff to fall on the occasion made the basis of this lawsuit, as aforesaid.

31.     Defendants, and/or Fictitious Defendant was/were acting within the line and scope of his or her employment on the occasion made the basis of this lawsuit.

32.     As a proximate and direct result of Defendant WALGREEN CO.'s, and/or fictitious defendants', wrongful conduct as specifically set forth herein, Plaintiff has been injured and damaged as stated in paragraph number six (6) above.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for generally and compensatory as well as special and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

*/s/ D. Kevin Barnes*
D. Kevin Barnes (BAR166)
Attorney for Plaintiff

DOCUMENT 2

OF COUNSEL:
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
Direct Dial:    (205) 983-8122
Direct Fax:    (205) 983-8422
E-mail:        kbarnes@asilpc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing, along with a copy of all filed discovery, has been served upon the following via certified mail, return receipt requested, on this the 27th day of September 2022:

WALGREEN CO.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

                                        /s/ D. Kevin Barnes
                                        Of Counsel

DOCUMENT 2

## IN THE CIRCUIT COURT OF SAINT CLAIR COUNTY, ALABAMA
## PELL CITY DIVISION

MELVIN E. GUILFORD,            )
                               )
    Plaintiff,            )
                               )
v.                             )    Civil Action No.: CV-2022-_____
                               )
WALGREEN CO.,                  )
                               )
    Defendant.            )

---

### PLAINTIFF'S JURY DEMAND

---

    COMES NOW, the Plaintiff, MELVIN E. GUILFORD, and hereby requests a trial by struck jury.

Respectfully Submitted,

/s/ D. Kevin Barnes
D. Kevin Barnes (BAR 166)
Attorney for Plaintiff

**OF COUNSEL:**

Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
Phone: (205) 983-8122
Fax: (205) 983-8422

Plaintiff's Address:
MELVIN E. GUILFORD
c/o Kevin Barnes
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

DOCUMENT 3



ELECTRONICALLY FILED
9/27/2022 3:39 PM
75-CV-2022-900179.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF SAINT CLAIR COUNTY, ALABAMA
## PELL CITY DIVISION

MELVIN E. GUILFORD,                    )
                                       )
    Plaintiff,                     )
                                       )
v.                                     )      Civil Action No.: CV-2022-_____
                                       )
WALGREEN CO.,                          )
                                       )
    Defendant.                     )

---

### PLAINTIFF'S INTERROGATORIES TO DEFENDANT WALGREEN CO.

COMES NOW, the Plaintiff in the above-styled cause, and hereby propound the following Interrogatories to the Defendant, WALGREEN CO. Said Interrogatories are to be answered separately and severally in the manner and form provided for by law by each and every Defendant, their officers, attorneys, agents, contractors, and employees having any information or documents which are available to the Defendants and which may assist the Defendants in answering these Interrogatories. Said Interrogatories are to be answered separately and severally in the manner and form provided by law and Pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure.

Answers to said Interrogatories shall be responsive to the date on which the answers are filed and shall be continuing in character and require the filing of supplemental answers if further or different information or documents relative thereto become known before trial.

<u>DEFINITIONS</u>

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

DOCUMENT 3

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence at the WALGREEN CO., located at 1649 Martin Street North, Pell City, Alabama 35125; which caused injury to Melvin E. Guilford.

## INTERROGATORIES

1.     Please list and identify each employee who erased or destroyed any video surveillance of the incident made the basis of this lawsuit.

**RESPONSE:**

2.     Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

**RESPONSE:**

3.     Please state the most current information regarding the name, address and telephone number of every employee who worked on October 2, 2020 at the WALGREEN CO. Store where the incident made the basis of this suit occurred and state his/her position and job responsibilities.

**RESPONSE:**

4.     Please identify each person who has knowledge concerning the facts surrounding the incident made the basis of this suit.

DOCUMENT 3

**RESPONSE:**

5.      Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

6.      Please identify the person/condition, who/which caused the Plaintiff to fall.

**RESPONSE:**

7.      Please state whether you had any warning signs posted in the vicinity where the Plaintiff fell at the time of his injury.

**RESPONSE:**

8.      If you contend that warning signs were posted, please state the substance and location of each sign.

**RESPONSE:**

9.      Please identify each expert that you plan to have testify at the trial of this cause, including any and all medical experts. Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**

10.     Please state in detail each and every fact known to you, or made known to you, concerning how the incident made the basis of this suit occurred and identify each source of your knowledge.

**RESPONSE:**

11.     If you contend that Plaintiff, Melvin E. Guilford, was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

DOCUMENT 3

12.    If you contend that Plaintiff, Melvin E. Guilford, assumed the risk of his injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

13.    If you contend the hazard which caused Plaintiff, Melvin E. Guilford, to fall was open and obvious, then please state each and every fact upon which you rely.

**RESPONSE:**

14.    Please state in detail the work schedule, at the time of this incident, for the employees working at the time of the Plaintiff's fall.

**RESPONSE:**

15.    Please state whether you have any policy, procedure or safety program instituted regarding maintaining your store's walk-ways in a safe condition. If so, please state the substance of said policy, procedure or safety program.

**RESPONSE:**

16.    Please state precisely and descriptively the location on the property where the event made the basis of this suit occurred.

**RESPONSE:**

17.    Please state in detail your understanding of the events which are the basis of this lawsuit, including in your answer when you were notified of the events, who notified you, and every statement on which your understanding is based.

**RESPONSE:**

18.    Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

DOCUMENT 3

19.     Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

20.     For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

**RESPONSE:**

21.     Please state the manager on duty, or other individual responsible for overseeing staff and personnel, at the time of the incident made the basis of this lawsuit.

**RESPONSE:**

Respectfully submitted,

*/s/ D. Kevin Barnes*
D. Kevin Barnes (BAR166)

OF COUNSEL:
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
Direct Dial:    (205) 983-8122
Direct Fax:    (205) 983-8422
E-mail:        kbarnes@asilpc.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing, along with a copy of the Summons and Complaint, has been served upon the following via certified mail, return receipt requested, on this the 27th day of September 2022:

WALGREEN CO.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

*/s/ D. Kevin Barnes*
Of Counsel

DOCUMENT 4



ELECTRONICALLY FILED
9/27/2022 3:39 PM
75-CV-2022-900179.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

IIN THE CIRCUIT COURT OF SAINT CLAIR COUNTY, ALABAMA
PELL CITY DIVISION

| | | |
|---|---|---|
| MELVIN E. GUILFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: CV-2022-_____ |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALGREEN CO.

COMES NOW, the Plaintiff in the above-styled cause and asks that the Defendant, WALGREEN CO., respond to the following requests for production within the time required by the Alabama Rules of Civil Procedure.  In addition, the Plaintiff asks that the Defendant attach a copy of each and every document referred to in any of the requests for production or in Defendant's response thereto or that Defendant states the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

NOTE A:  These requests for production shall be deemed continuing so as to require supplemental responses upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental responses are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information, but not later than the first of the trial of this case.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

2.     Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

3.     Please produce a complete and accurate copy of any security and/or surveillance video recorded on October 2, 2020 at Defendant's store located at 1649 Martin Street North, Pell City, Alabama 35125.

DOCUMENT 4

4.      Please produce a copy of any still color photographs taken of Plaintiff, Melvin E. Guilford, at any time prior or subsequent to the incident that is the basis of this suit.

5.      Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance and/or cleaning of the walk-ways, sidewalks, floors or flooring in and around the subject building, to ensure a safe condition.

6.      Please produce a complete and accurate copy of any complaints, notice, etc. received by WALGREEN CO. from any person and/or entity involving the subject property where this incident occurred for the past five (5) years.

7.      Please produce a complete and accurate copy of any work orders, receipts, invoices, statements, etc. involving repairs of the subject property where this incident occurred for the past five (5) years.

8.      Please produce a complete and accurate copy of any work orders, receipts, invoices, statements, etc. involving repairs of the subject property where this incident occurred since the date of the incident to the present day.

9.      Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

10.      Please produce a complete and accurate transcript of any statements obtained from Plaintiff, Melvin E. Guilford.

11.      Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

12.      Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, Melvin E. Guilford, or his representative or between your representative and Plaintiff, Melvin E. Guilford, occurring before Plaintiff filed this lawsuit.

DOCUMENT 4

13.     Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

14.     Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

15.     Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

16.     Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

17.     Please produce a copy of all records obtained regarding Plaintiff. [Additionally, please consider this a formal request for all records obtained pursuant to subpoena].

Respectfully submitted,

*/s/ D. Kevin Barnes*
D. Kevin Barnes (BAR166)

OF COUNSEL:
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
Direct Dial:     (205) 983-8122
Direct Fax:     (205) 983-8422
E-mail:          kbarnes@asilpc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the above and foregoing, along with a copy of the Summons and Complaint, has been served upon the following via certified mail, return receipt requested, on this the 27th day of September 2022:

WALGREEN CO.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

*/s/ D. Kevin Barnes*
Of Counsel

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>75-CV-2022-900179.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**MELVIN E. GUILFORD V. WALGREEN CO.**

NOTICE TO: WALGREEN CO., C/O CORP. SVC. CO., INC. 641 S. LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
DAVID KEVIN BARNES

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVENUE, BIRMINGHAM, AL 35222

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MELVIN E. GUILFORD
pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

| 09/27/2022 | /s/ KATHRYN BURKE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ DAVID KEVIN BARNES

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*       *(Name of County)*

Alabama on _____

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|  | _____ | _____ |
|  | *(Server's Printed Name)* | *(Phone Number of Server)* |

RETURN RECEIPT
REQUESTED

$9.65 US POSTAGE
8 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 2
RETAIL

062S0009595009
16931843
FROM 35205

stamps
endicia
08/29/2022

# USPS FIRST CLASS MAIL®

D. Kevin Barnes                    **0028**
Shunnarah Injury Lawyers, P.C.
1100 23rd Street South
Birmingham AL 35205-2410

SHIP
TO:
WALGREEN CO.
c/o Corporation Service Company, Inc.
641 S Lawrence St
Montgomery AL 36104-5809

## USPS CERTIFIED MAIL™



9414 7111 0803 3546 8789 23

7021 0750 0000 3463 4057