UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**MELVIN E. GUILFORD,**

    Plaintiff,

v.

**WALGREEN CO.,**

    Defendant.

**Case No. 1:22-cv-1323-CLM**

## MEMORANDUM OPINION AND ORDER

Melvin Guilford went to Walgreens to pick up a prescription. While in the store, Guilford tripped and sustained multiple injuries. Guilford sued Defendant Walgreen Company ("Walgreen"), alleging four counts: (1) negligence, (2) wantonness, (3) premise liability, and (4) respondeat superior. Walgreen has moved for summary judgment on all counts. (Doc. 21). For the reasons stated below, the court **GRANTS IN PART** and **DENIES IN PART** Walgreen's motion for summary judgment.

## BACKGROUND

The parties agree that, in October 2020, Guilford walked into a Walgreen store to pick up a prescription for his back pain. After receiving his prescription, Guilford headed for the exit. While exiting, Guilford tripped over a wooden cane protruding from an aisle shelf. Guilford was injured and sued Walgreen for his injuries.

The parties dispute whether the wooden cane was an open and obvious danger that Guilford should have seen. Walgreen says it was and provides this evidence in support: (a) Guilford's deposition testimony, (b)

Crystina Watson's (Assistant Store Manager) deposition testimony, and (c) pictures of the aisle taken after Guilford's fall.

During Guilford's deposition, Walgreen questioned Guilford about what happened when he was walking down the aisle:

```
 4      Q.  Was there anything blocking your
 5   view of anything that was in front of you?
 6      A.  No. I was -- I was looking at my
 7   prescription. I was looking at my
 8   prescription as I was leaving, which I always
 9   do, you know.
10      Q.  You were walking along looking at
11   your prescription?
12      A.  Yes, I was looking at my
13   prescription. And I guess that's maybe why I
14   didn't see the thing that was sticking out in
15   the floor. All I remember is me walking and I
16   tripped and when I tripped I slung the bag
17   down and I twisted and I stuck my hand down to
18   keep from hitting my face on the floor.
```

(Doc. 22-1, p. 10). Walgreen argues that its employees had no previous knowledge of the cane because Crystina Watson checked the area minutes before Guilford's accident and saw nothing. Watson was asked:

```
21      Q.  Do you know if you had walked down
22   that aisle prior to Mr. Guilford's fall on
23   October 2nd?
```

(Doc. 22-2, p. 13). She responded:

```
1      A.  Roughly five or ten minutes
2   beforehand.
3      Q.  You had walked down that aisle?
4      A.  Yes.
5      Q.  Do you remember the cane sticking
6   out?
7      A.  No.
```

*Id.* Lastly, Walgreen provides these pictures taken just after Guilford fell, with the court circling the cane's bottom end:

 

(Doc. 22-1, p. 40, 44) (circles added).

Based on this evidence, Walgreen argues that it had no duty to warn Guilford of the protruding cane, because it was an open and obvious danger. Guilford disagrees and argues Walgreen had a duty to keep its premises safe from hidden dangers, which it failed to do when he tripped over the cane.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, this court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

To start, Guilford's premise liability claim (Count III) and respondeat superior claim (Count IV) fall under his negligence claim. So the court proceeds with the understanding that Guilford alleges just two claims against Walgreen: negligence (Count I) and wantonness (Count II).

**Count I: Negligence**

Guilford argues that Walgreen breached its duty to (1) keep and maintain its premises to be clear of potentially hazardous conditions, (2) discover and remove the hazardous condition, and (3) warn its patrons of the hazardous condition. Walgreen argues that it had no duty to warn Guilford of a hazardous condition because the cane was an open and obvious danger. Whether a hazard is an open and obvious danger is an affirmative defense. *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1118 (Ala. 2020).

1. <u>Legal Standard</u>

The legal duty of a premises owner "to a party injured by a condition of the premises depends upon the legal status of the injured party." *South Alabama Brick Co. v. Carwie*, 214 So. 3d 1169, 1175 (Ala. 2016). An individual who "enters the property for the purpose of conferring a material or commercial benefit upon the landowner … is an invitee."

*McClurg*, 300 So. 3d at 1118. "The owner of premises owes a duty to business invitees to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of ordinary care, the danger can be avoided." *Id*. But the "owner's duty to make safe or warn is obviated … where the danger is open and obvious." *Id*. There is no duty to remedy, or to warn about, open and obvious hazards. *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 742 (Ala. 2009).

The Alabama Supreme Court provides the following objective test to determine whether a dangerous condition is open or obvious: "Whether the danger should have been observed by the plaintiff, not whether in fact it was consciously appreciated by him or her." *McClurg*, 300 So. 3d at 1118. Here, Walgreen bears the burden to prove that the danger was open or obvious—*i.e.*, whether Guilford should have noticed it. *Id*. at 1118-19. To meet its burden, Walgreen provides three pieces of evidence: (1) Guilford's deposition testimony, (2) Crystina Watson's deposition testimony and (3) pictures of the aisle taken after Guilford's fall.

2. <u>Analysis</u>

As quoted in the Background, Guilford testified that he would have seen the cane if he had been looking at the floor rather than at his prescription. (Doc. 22-2, p. 13). Walgreen argues that this admission—backed by pictures of the cane sticking out into the aisle—shows that Guilford *should* have seen the cane, making it an open and obvious danger. As he did in his deposition (doc. 22-2, p. 13), Guilford counters that he did not look for the cane while walking because he did not expect a cane to be protruding from a display 9-10 inches into the aisle.

Viewing the evidence in a light most favorable to Guilford, the court finds that a reasonable juror could decide that Guilford should not have expected or noticed the cane. As the pictures show, the cane jutted out from the display into the aisle in a way that a reasonable customer might not expect or look for. Plus, Walgreens' assistant manager Crystina Watson testified that she walked the aisle "five or ten minutes" earlier

and did not see the cane. (Doc. 22-2, p. 13). Watson also testified that she was surprised to see the cane sticking out from the shelf because it should have been kept "down in a rack." (Doc. 22-2, p. 19).

The Alabama Supreme Court has oft said that whether a danger is open and obvious is generally not resolvable on a motion for summary judgment. *See McClurg*, 300 So. 3d at 1118; *see also Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1195 (Ala. 2002) ("Whether a condition is open and obvious is generally a question for the jury."). "Exceptions to this general rule are narrow, permitted only in circumstances where reasonable minds could not differ regarding the obviousness of the danger." *McClurg*, 300 So. 3d at 1119. The court finds that reasonable minds could differ on whether the cane was open and obvious when Guilford walked down the aisle. So the court will deny Walgreen's motion for summary judgment on Guilford's negligence claim.

**Count II: Wantonness**

Guilford alleges that Walgreen wantonly allowed an unreasonably hazardous condition to remain in an aisle walkway accessible to its customers. (Doc. 1-3, p. 8, ¶ 18). Walgreen argues Guilford presents no evidence that supports a conscious culpability of recklessness or disregard for safety. (Doc. 23, p. 14).

1. Legal Standard

Wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007). "[I]t is not essential that the actor should have entertained a specific design or intent to injure the plaintiff, only that the actor is 'conscious' that injury will likely or probably result from his actions." *Id.* (quoting *Joseph v. Staggs*, 519 So. 2d 952, 954 (Ala. 1988)).

2. <u>Analysis</u>

Walgreen is right; Guilford presents no evidence that someone associated with Walgreen either (a) knew about the cane protruding into the aisle or (b) knew that someone walking down the aisle was likely to be injured. *Essary*, 992 So. 2d at 9. As discussed, Watson testified that she did not see the cane when she walked down the aisle five to ten minutes earlier. And Guilford presents no evidence that anyone told a Walgreen's employee about the cane before he tripped over it. So no reasonable juror could find that Walgreen was conscious that an injury was likely to occur—even if that juror found that Walgreen should have done more to prevent the cane from protruding into the aisle. Walgreen is thus entitled to summary judgment on wantonness. *See Wal-mart Stores, Inc. v. Thompson*, 726 So.2d 651, 653 (Ala. 1998) (reversing the denial of Walmart's motion for judgment because "management of that store had no information from which they could have known that an accident of the kind which occurred in this case was likely to happen").

## CONCLUSION

For these reasons, the court **DENIES** Walgreen's motion for summary judgment on Count I and **GRANTS** it on Count II. The court will set this case for trial on Guilford's negligence claim only. The court also **DENIES** Walgreen's motion to strike Guilford's response. (Doc. 25).

**DONE** and **ORDERED** on February 25, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE